# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-00999-CV-RK |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion to remand. (Doc. 31.) The motion is fully briefed. (Docs. 35, 44.) Also before the Court is Defendant's motion to dismiss. (Doc. 32.) For the reasons set forth below, Plaintiff's motion to remand is **GRANTED** and Defendant's motion to dismiss is **DENIED as moot.**

## Background

Plaintiff, a black man, began working as a cook for Defendant in October of 2017. (Doc. 30, 2.) Plaintiff alleges his white supervisors provided preferential scheduling to white employees, disciplined him for actions for which white employees did not receive punishment, targeted racial slurs against him, and repeatedly denied him a promotion to kitchen manager. (Doc. 30, 2-4.) Plaintiff claims he reported the harassment and discrimination to a supervisor who allegedly did not investigate the claims. (Doc. 30, 4.)

In December of 2018, Plaintiff was again denied the promotion and told he was unqualified for it. (Doc. 30, 4.) In February of 2019, Defendant hired Laura Johnson, a white woman, and allegedly directed Plaintiff to train her for the kitchen manager position. (Doc. 30, 5.) Defendant promoted Johnson to kitchen manager in June of 2019. Plaintiff alleges she was less qualified for the position. (Doc. 30, 5.) Plaintiff further alleges several incidents of continued employment discrimination, harassment, and retaliation for his misconduct complaints. (Doc. 30, 5-7.)

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") on April 11, 2019. (Ex. 1, 15.) The MCHR determined that Plaintiff could not sue individual employees and that Plaintiff could not sue on any allegation prior to October 13, 2018, because the claims were time-barred; however, the MCHR issued Plaintiff a right to sue letter for

the remaining allegations because the MCHR could not complete its review of the rest of the case within 180 days. (Ex 1, 16.) Plaintiff did not appeal any of the MCHR's rulings. (Doc. 33, 4.)

Plaintiff filed his action in state court in November 2020 (Doc. 31) containing the entirety of the allegations brought before the MCHR and asserting state law claims under the Missouri Human Rights Act ("MHRA") and federal law claims under Title VII and 42 U.S.C. § 1981. (Ex. 1.) Defendant removed all claims to federal court based on federal question jurisdiction and supplemental jurisdiction on December 23, 2020. (Doc. 1.) Plaintiff requested leave to amend the complaint to eliminate all federal law claims on February 8, 2021 (Doc. 19), and the Court granted leave on April 6, 2021. (Doc. 29.) Plaintiff filed his amended complaint without any federal claims (Doc. 30) and moved for remand to state court for lack of subject matter jurisdiction on the same day. (Doc. 31.)

**Discussion**

Plaintiff argues that the elimination of the federal claims, which provided the sole basis for removal, from the amended complaint either destroyed this Court's subject matter jurisdiction over the remaining state law claims entirely or, alternatively, made the continued exercise of supplemental jurisdiction over them discretionary. Plaintiff asserts retaining jurisdiction would be inappropriate in this case because it would require this Court to decide a state law issue unnecessarily.

Defendant argues that the Court is not required to remand the remaining claims because jurisdiction is determined at the time of removal; the Court had supplemental jurisdiction over the state law claims at the time of removal, and therefore continues to have it now. Defendant acknowledges that the exercise of supplemental jurisdiction following the dismissal of all claims of original jurisdiction is discretionary, but contends its continued exercise is appropriate because Plaintiff has allegedly manipulated his complaint "in an effort to avoid federal jurisdiction."

A plaintiff's deletion of all federal claims from a complaint by amendment following defendant's removal to federal court solely on the basis of federal question jurisdiction (the "Practice") does not require remanding the remaining state law claims for lack of subject matter jurisdiction. When a "district court has dismissed all claims over which is has original jurisdiction," it may "decline to exercise supplemental jurisdiction over" any remaining claims. 28 U.S.C. § 1367(c)(3) (2020). Courts, however, are not obligated to decline exercising

2

supplemental jurisdiction over state law claims after dismissal of all federal claims. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

When deciding whether to exercise discretionary supplemental jurisdiction, federal courts must remember "the need to exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Therefore, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered…—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1019 (8th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

When, as here, a plaintiff engages in the Practice, the general balance of factors may yield a different result. The Supreme Court recognizes the potential harm of the Practice and allows district courts to "consider whether the plaintiff has engaged in any manipulative tactics" as part of "the balance of factors to be considered" when evaluating the appropriateness of remand. *Cohill*, 484 U.S. at 357 (addressing concerns "that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case" by giving federal courts discretion to "guard against forum manipulation"). The circuit courts are split on whether the Practice is a "manipulative tactic" or a "legitimate tactical decision." *See Barondes v. Wolfe*, 184 F. Supp. 3d 741, 745 (W.D. Mo. 2016). Accordingly, the Court will evaluate the remaining factors for determining the appropriateness of remand in light of Plaintiff's attempt to withdraw to state court.[1]

The detriment of the Practice to judicial economy is mitigated when "the federal claims have been dismissed early in the action, prior to any substantial preparation by the parties or by [the court]." *Cooper v. Weinberg Dodge, Inc.*, 2009 WL 1657439, at *2 (W.D. Mo. June 10, 2009). And the goal of guarding against forum manipulation will not always outweigh the importance of allowing state courts to decide novel issues of state law. *See Barondes*, 184 F. Supp. 3d at 746 (remanding despite forum manipulation because the case required evaluating whether a

---

[1] Here, Plaintiff has engaged in the exact forum Practice referenced in *Cohill*. Plaintiff did not delete his federal claims until after Defendant's removal to federal court, (Doc. 29), filed his motion to remand on the same day as his amended complaint, (Docs. 30, 31), and argues that this Court must now remand for lack of subject matter jurisdiction—citing the deletion of the federal claims. (Doc. 31, 2.)

3

new University of Missouri rule limiting gun possession on campus violated the Missouri Constitution).

The comity factor is neutral in this case. Plaintiff argues the presence of solely state law issues makes remand appropriate to avoid an unnecessary federal court ruling on a state law issue. (Doc. 44, 2.) The substantive claims Plaintiff brings under the MHRA "do not present novel or complex issues of state law," and federal courts have frequently decided them.[2] *Campbell v. Anytime Labor-Kansas, LLC*, 2016 WL 2743541, at *5 (W.D. Mo. May 11, 2016). However, the Missouri Supreme Court has indicated that "Missouri employment discrimination law . . . should more closely reflect the plain language of the MHRA and the standards set forth in MAI 31.24 and rely less on analysis developed through federal caselaw." *Daughter v. City of Maryland Heights*, 231 S.W.3d 814, 819 (Mo. banc 2007).

Judicial economy weighs in favor of remand. Plaintiff argues that this case is still in its early stages, noting that discovery will not close until December 31, 2021; dispositive motions are not due until February 1, 2022; the Court has only issued a scheduling order and an order ruling on the parties' procedural motions; the parties have not taken any depositions or written discovery; and Plaintiff acted with haste to file the amended complaint motion to remand on the same day. The parties have engaged in required Rule 26 disclosures and filed motions for dismissal, amendment, and remand, in addition to serving and responding to the initial complaint and the later amended complaint. No bright-line rule formally demarcates the point where judicial economy favors remand, but courts typically find litigation to be in its early stages, favoring remand, until either the parties or the court engage on the substance of the issues.[3] Although both

---

[2] The only state law issues referenced explicitly by Plaintiff are the judicial determinations of "whether the MCHR has the authority to make judicial determinations on jurisdictional issues, whether MCHR has the authority to make judicial determinations regarding the application of the continuing violation theory, and whether the MCHR has the authority to issue limited notices of rights to sue." Neither the authority of the MCHR nor challenges against the authority of administrative agencies are novel: "The argument that a grant of a judicial function to an administrative agency is an unconstitutional delegation of judicial power has been made unsuccessfully in many contexts and in many jurisdictions." *Percy Kent Bag Co. v. Mo. Comm'n on Human Rights*, 632 S.W. 2d 480, 484 (Mo. banc 1982) (upholding the validity of the MCHR to perform judicial functions).

[3] *Compare Prine*, 2008 WL 11336932, at *2 (determining judicial economy favored retaining jurisdiction in a case with forum manipulation because the case had been in federal court for four months; the court had established a scheduling order, made several pretrial rulings, and created thirty-four docket entries; and "[t]he parties had brought [the] Court up to speed on many of the case's legal and factual issues") *with Kelly v. Union Elec. Co.*, 2008 WL 53274, at *2 (W.D. Mo. Jan. 3, 2008) (finding judicial economy favored remand in a case with forum manipulation because the court had only recently issued a

parties have made a number of filings, the scheduling order has been entered, and retaining jurisdiction would discourage forum manipulation, the lack of substantive rulings and limited discovery demonstrates that the Court has not been "brought up to speed" on the issues. The parties have not engaged in substantive litigative activities. In sum, the litigation is still in its early stages, favoring remand.

Neither party argues the factors of convenience or fairness. Without any special considerations, these factors guide neither for nor against remand because "[t]here is no reason to believe that, on the whole, federal court would be more or less convenient for the parties as compared to state court. There is also no reason to believe that one court would more fairly adjudicate this case than the other." *Prine*, 2008 WL 11336932, at *2.

## Conclusion

Federal courts generally favor remanding state law claims following the elimination of all federal questions. The early stage of the litigation; lack of substantive litigative activities by the parties and the Court; and additional considerations of judicial economy outweigh the forum manipulation concern and lack of novel state law issues in this case. The Court therefore finds that the balance of factors weighs in favor of remanding to state court.

Accordingly, and after careful consideration, Plaintiff's motion to remand (Doc. 31) is **GRANTED** and Defendant's motion to dismiss (Doc. 32) is **DENIED as moot.**

   **IT IS SO ORDERED.**

                                      /s/ Roseann A. Ketchmark
                                      ROSEANN A. KETCHMARK, JUDGE
                                      UNITED STATES DISTRICT COURT

DATED: June 22, 2021

---

scheduling order and the parties had not engaged in any discovery nor entered any substantive motions) *and Williams v. City of Kan. City*, 2014 WL 2158998, at *7 (W.D. Mo. May 23, 2014) (remanding a case without forum manipulation less than one month before trial because the parties and court had not prepared the case beyond serving initial Rule 26 disclosures, proposing a scheduling order, and ruling on procedural motions—the court had little familiarity with the substance of the claims).